UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:03CR-132(RNC) |
| EDUARDO SARDINAS | : | |

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Eduardo Sardinas pled guilty on October 1, 2003, to conspiracy to distribute cocaine. Mr. Sardinas, who already had a history of coronary artery disease and had previously undergone coronary artery bypass graft surgery, suffered a right hemisphere stroke and collapsed at a supermarket on January 2, 2004. The stroke rendered him permanently paralyzed on his left side. He was hospitalized immediately and then, due to the development of cardiac complications, was transferred to another hospital where he underwent an angioplasty. After several weeks he recovered his ability to speak coherently and moreover recovered sufficiently physically to be transferred to a nursing home. Mr. Sardinas has continued to degenerate slowly. His daily routine consists of being lifted out of bed into a wheelchair and then later being lifted out of the wheelchair into the bed. He will continue to live out the remainder of his life in the nursing home.

Eduardo Sardinas respectfully submits, and the Government concurs, that the Court has ample authority in this case to depart from the Sentencing Guidelines. See, e.g., U.S.S.G. § 5H1.4, which provides that "an extraordinary physical impairment may be a reason to depart downward...." It is respectfully submitted that, under the extremely unusual circumstances of this case, the Court should simply sentence Mr. Sardinas to "time served." Supervised release is not mandated in this case per 18 U.S.C. § 3553(e). U.S.S.G. § 5D1.1, Application Note 1, provides that the Court is free not to impose a term of supervised release, "if it determines that supervised release is neither required by statute nor required for any of the following reasons: (1) to protect the public welfare; (2) to enforce a financial condition; (3) to provide drug or alcohol treatment or testing; (4) to assist the reintegration of the defendant into the community; or (5) to accomplish any other sentencing purpose authorized by statute."

- 2 -

It is respectfully submitted that the Court should not impose a term of supervised release under the unusual circumstances of this case.

                Respectfully submitted,

                The Defendant,
                Eduardo Sardinas

                Thomas G. Dennis
                Federal Defender

Dated: May 24, 2005            /s/
                                   Gary D. Weinberger
                                   Asst. Federal Defender
                                   10 Columbus Blvd, FL 6
                                   Hartford, CT 06106-1976
                                   Bar No. ct05085
                                   (860) 493-6260

## CERTIFICATION

    I HEREBY CERTIFY that a copy of the foregoing Memorandum has been mailed to Raymond F. Miller, Assistant United States Attorney, P.O. Box 1824, New Haven, CT 06508, and Otto Rothi, United States Probation Officer, 450 Main Street, Hartford, CT 061o3, on this 24 day of May 2005.

                /s/
                Gary Weinberger